UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
IN RE:

STELLA LEE TERRANOVA and
ROBERT A. TERRANOVA,

Debtor.

-------------------------------------------------------------------X
GUSTAVIA HOME, LLC,

Plaintiff,

      -against-

FEDERAL NATIONAL MORTGAGE ASSOCIATION ("Fannie Mae"), SETERUS, INC.

Defendants.

-------------------------------------------------------------------X

Chapter 13

CASE NO.: 8:18-bk-70004ast

Judge Alan S. Trust

**COMPLAINT**

  GUSTAVIA HOME, LLC, as Plaintiff herein, complains of Defendants FEDERAL NATIONAL MORTGAGE ASSOCIATION ("Fannie Mae"), and SETERUS, INC, as follows:

**JURISDICTION AND VENUE**

  1. This action is brought pursuant to sections 105(a), 502, 506 of title 11, United States Code (the "Bankruptcy Code") and under Rules 3007, 3012, 7001(2) and (9) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

  2. This Court has jurisdiction over this action under 28 U.S.C. sections 157 and 1334 and the standing order of the United States District Court for the Eastern District of New York, referring all bankruptcy cases filed herein and all matters arising in and under said cases and related

thereto the Bankruptcy Judges of this District, as the action arises in and under and/or relates to the instant Chapter 13 bankruptcy case of the Debtor.

3. This action is a proceeding arising under the Bankruptcy Code and arises in and is related to a case under the Bankruptcy Code as contemplated under 28 U.S.C. section 157(b)(1).

4. This action is a core proceeding pursuant to 28 U.S.C. section 157(b)(2)(A), (B), (K) and (O).

## GENERAL ALLEGATIONS

5. On June 28, 2007, debtor Stella Terranova and Robert Terranova (the "Debtors") executed a mortgage ("Gustavia's Mortgage") in favor of GMAC Mortgage, LLC ("GMAC"), encumbering the property located at 3 South Street, Selden, NY 11784 (the "Property").

6. On August 15, 2007, Gustavia's Mortgage was recorded as Mortgage Number CY039417 in the Suffolk County Clerk's Office.

7. Gustavia's Mortgage secures a promissory note ("Gustavia's Note") in the original principal amount of fifty thousand dollars and zero cents ($50,000.00), executed by the Debtor on June 28, 2007, and delivered to GMAC.

8. Gustavia's Mortgage and Note were assigned through Assignments of Mortgage and endorsements and allonges upon the promissory Note to Gustavia Home, LLC.

9. Upon information and belief, on March 22, 2006, Debtors also executed a mortgage in favor of FEDERAL NATIONAL MORTGAGE ASSOCIATION ("Fannie Mae"), predecessor-in-interest, which encumbers the Property in exchange for a loan (the "Fanniemae Mortgage" and the "Fanniemae Note," collectively the "Fanniemae Loan").

10. Said loan is serviced by Seterus, Inc. ("Seterus").

11. Upon information and belief, Debtor entered into a modification with Fanniemae or its predecessor-in-interest which increased the principal balance of the FanniemaeLoan.

12. Upon information and belief, said modification was offered to Debtor by Seterus.

13. On January 2, 2018, Debtors commenced the bankruptcy case (the "Case") by filing a voluntary petition for relief pursuant to Chapter 13, Title 11 of the United States Code with the United States Bankruptcy Court for the Eastern District of New York (the "Court").

14. Plaintiff now files this action seeking to recover under theories of unjust enrichment and seeking a declaratory judgment that the Gustavia Mortgage has priority over the Fanniemae Mortgage.

## CAUSES OF ACTION

### UNJUST ENRICHMENT

15. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in Paragraphs "1" through "14" of the Complaint with the same force and effect as if more specifically set forth herein.

16. Upon information and belief, Debtors defaulted on the Fanniemae loan and a loan modification was offered to Debtor by Seterus and Fanniemae (the "Loan Modification") to avoid foreclosure.

17. Upon information and belief, the Loan Modification increased the principal balance of the Fanniemae Loan and gave Fanniemae as Trustee the opportunity to secure more money than it had prior to the Loan Modification.

18. Upon information and belief, over the life of the Fanniemae Loan, the Loan Modification will allow it to recover more than it would have under the original Fanniemae Mortgage and Fanniemae Note.

19. The Loan Modification also gave Fanniemae a greater security interest to the Property than what it originally had under the Fanniemae Mortgage.

20. This greater security interest in the Property that Fanniemae as Trustee obtained through the Loan Modification was to the detriment of Plaintiff.

21. The Loan Modification eliminated equity from the Property, reducing Plaintiff's ability to recover the amounts due under Gustavia's Note and Gustavia's Mortgage.

22. Since Fanniemae eliminated the equity from the Property, it has been unjustly enriched.

23. Fanniemae, by failing to complete its own foreclosure action expeditiously, created an unjustifiable impairment of collateral, thereby materially prejudicing the interests of Plaintiff.

24. Seterus and Fanniemae are being unjustly enriched under the terms of the Loan Modification. Plaintiff should be declared a secured lien against the Property with priority over the Loan Modification and the amounts due under it.

## DECLARATORY JUDGMENT FOR
## SUBORDINATION OF FANNIEMAE MORTGAGE

25. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in Paragraphs "1" through "24" of the Complaint with the same force and effect as if more specifically set forth herein.

26. Under New York law, when a modification of a senior mortgage "substantially impairs the security interest of the junior lienors or effectively destroys their equity" without the consent of the junior mortgagee, the senior mortgage loses priority to the junior mortgage. *Fleet Bank of N.Y. v County of Monroe Indus. Dev. Agency*, 224 A.D.2d 964, 965, 637 N.Y.S.2d 870 (4th Dep't 1996) (citing *Shultis v. Woodstock Land Dev. Assocs.*, 188 AD2d 234, 236-237, 594 NYS 890 (3d Dep't 1993) and *Empire Trust Co. v Park-Lexington Corp.*, 243 AD 315, 321, 276

NYS 586 (1st Dep't 1934)); *see also In re White*, 514 B.R. 365, 369-370 (E.D.N.Y. 2014) (internal citations omitted) (Senior lien holder will be divested of its priority and junior lien holder will be elevated to a position of superiority when the modification of senior lien "prejudices the rights of the junior lien holder or impairs its security, and is made without the junior lien holder's consent.").

27. The Loan Modification created a substantial, material and adverse impairment of the Gustavia Note and Gustavia Mortgage.

28. The Loan Modification was entered into after the Gustavia Note was delivered by the Debtor to Plaintiff and the Gustavia Mortgage was recorded.

29. Upon information and belief, Plaintiff received no written notice or other advisement of the Modifications in violation of New York law.

30. Upon information and belief, Plaintiff never consented to the Modifications.

31. The actual, substantial and adverse impact on the Gustavia Mortgage has caused a changed circumstance between the Fanniemae Mortgage and the Gustavia Mortgage that requires the Fanniemae Mortgage to become subordinate to the Gustavia Mortgage.

32. Therefore, New York law renders the Fanniemae Mortgage wholly subordinate to the Gustavia Mortgage, and the Gustavia Mortgage becomes the first position mortgage against the Property.

### DECLARATORY JUDGMENT FOR
### PARTIAL SUBORDINATION OF FANNIEMAE MORTGAGE

33. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in Paragraphs "1" through "32" of the Complaint with the same force and effect as if more specifically set forth herein.

34. If it is determined that the unpaid principal balance under the Loan Modification is greater than the unpaid principal balance under the Fanniemae Mortgage, then the difference

between the Loan Modification and Fanniemae Mortgage must be made subordinate to the Gustavia Mortgage.

35. The priorities of the Fanniemae Mortgage, as bifurcated and the Gustavia Mortgage would be: (a) Fanniemae Mortgage; (b) Gustavia Mortgage; and (c) the amount which equals the Loan Modification principal balance minus the original principal balance of the Fanniemae Mortgage.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court grant judgment in favor of Plaintiff and against Fanniemae as Trustee as follows:

1. On the First Cause of Action, for unjust enrichment;
2. On the Second Cause of Action, subordinating in full the Fanniemae Mortgage to the Gustavia Mortgage;
3. On the Third Cause of Action, subordinating part of the Fanniemae Mortgage in an amount to be determined of the Fanniemae Mortgage to the Gustavia Mortgage;
4. That Plaintiff be awarded Attorneys' Fees, Costs and Disbursements for this Action; and
5. Such other relief as the Court deems just, equitable and proper.

Dated: New York, New York
April 4, 2018

*/s/ Rafi Hasbani*
Rafi Hasbani, Esq.
*Counsel for Plaintiff*