UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| STELLA LEE TERRANOVA and | : | Case No: 18-70004-ast |
| ROBERT A. TERRANOVA, | : | |
| | : | |
| Debtors. | x | |

---------------------------------------------------------------- : Adversary Proceeding

| | | |
|---|---|---|
| GUSTAVIA HOME, LLC, | : | |
| | : | Case No: 18-08054-ast |
| Plaintiff, | : | |
| | : | |
| -against- | : | |
| | : | |
| FEDERAL     NATIONAL     MORTGAGE | : | |
| ASSOCIATION ("Fannie Mae") and SETERUS, | : | |
| INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |

---------------------------------------------------------------- x


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
## MOTION TO DISMISS THE ADVERSARY COMPLAINT


HOGAN LOVELLS US LLP
    Leah N. Jacob
875 Third Avenue
New York, New York 10022
Tel.: (212) 918-3000
Fax: (212) 918-3100
*Attorneys for Defendants Federal National*
*Mortgage Association and Seterus, Inc.*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................1

STATEMENT OF FACTS ...................................................................................3

      A.     The Fannie Mae Mortgage, Modifications and Foreclosure Action .......... 3

      B.     The Gustavia Mortgage and Subsequent Foreclosure Action.................... 4

      C.     The Debtors' Bankruptcy and Adversary Proceeding ............................... 5

ARGUMENT .........................................................................................6

   I.     LEGAL STANDARD..........................................................................6

   II.    THE COMPLAINT FAILS TO STATE A CLAIM ................................................7

      A.     The Complaint is an Improper Pleading .................................................... 7

      B.     The Complaint Fails to Plead a Cause of Action for Unjust Enrichment ............................................................................................. 8

      C.     The Declaratory Judgment Claims are Baseless ...................................... 11

            1.     The Terms of the Loan Modification did not Prejudice Gustavia ...................................................................................... 12

            2.     The Loan Modification Preserved Gustavia's Lien ...................... 13

            3.     The Gustavia Mortgage Has Been in Default Since June 2011.... 15

CONCLUSION.........................................................................................16

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*All. Funding Co. v. Taboada,*
  39 A.D.3d 784, 832 N.Y.S.2d 814 (2d Dep't 2007) ..............................................16

*Am. Fin. Int'l Grp.-Asia, L.L.C. v. Bennett,*
  No. 05 Civ. 8988(GEL), 2007 WL 1732427 (S.D.N.Y. June 14, 2007) ...................9

*Andreadis Capital, LLC v. Segura,*
  No. 18742/2013, 2014 WL 6991638 (Sup. Ct. Queens Cty. Oct. 30, 2014) ...........12

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)...............................................................................................6, 7

*Awan v. Ashcroft,*
  No. 09-CV-1653 JS AKT, 2010 WL 3924849 (E.D.N.Y. Sept. 28, 2010) .............3, 7

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)....................................................................................................7

*In re Castagnola,*
  No. 14-75123-LAS, 2017 WL 1337176 (Bankr. E.D.N.Y. Apr. 11, 2017) ...............3

*Chambers v. Time Warner,*
  282 F.3d 147 (2d Cir. 2002)........................................................................................7

*Chevron Corp. v. Donziger,*
  871 F. Supp. 2d 229 (S.D.N.Y. 2012)........................................................................8

*Diesel Props S.r.l. v. Greystone Bus. Credit II LLC,*
  631 F.3d 42 (2d Cir. 2011)..........................................................................................8

*Done v. HSBC Bank USA,*
  No. 09-CV-4878 JFB ARL, 2010 WL 3824142 (E.D.N.Y. Sept. 23, 2010)............7

*Green v. Sinai Van Serv.,*
  No. 17 CIV. 3913 (RWS), 2018 WL 340007 (S.D.N.Y. Jan. 8, 2018) .....................8

*Gristede's Foods, Inc. v. Unkechauge Nation,*
  532 F. Supp. 2d 439 (E.D.N.Y. 2007) ........................................................................9

*In re Michel,*
  573 B.R. 46 (Bankr. E.D.N.Y. 2017)..........................................................................3

*In re White*,
514 B.R. 365 (Bankr. E.D.N.Y. 2014)..........................................................................11, 14

*Kaye v. Grossman*,
202 F.3d 611 (2d Cir. 2000)..........................................................................................9

*Kwon v. Santander Consumer U.S.A.*,
No. 15CV3352 SJF AKT, 2016 WL 6518578 (E.D.N.Y. Oct. 6, 2016) ...................................8

*Legurnic v. Ciccone*,
63 F. Supp. 3d 241 (E.D.N.Y. 2014) ...............................................................................8

*Mina Inv. Holdings, Ltd. v. Lefkowitz*,
51 F. Supp. 2d 486 (S.D.N.Y.1999)...............................................................................10

*In re Oligbo*,
328 B.R. 619 (Bankr. E.D.N.Y. 2005) ...........................................................................13

*Reading Int'l, Inc. v. Oaktree Capital Mgmt.*,
317 F. Supp. 2d 301 (S.D.N.Y. 2003).............................................................................9

*Regnante v. Sec. & Exch. Officials*,
134 F. Supp. 3d 749 (S.D.N.Y. 2015).............................................................................10

*Remodeling & Constr. Corp. v. Melker*,
65 N.Y.S.2d 738 (Sup. Ct. Kings Cty. 1946), *aff'd sub nom.,* 270 A.D. 1053,
64 N.Y.S.2d 175 (2d Dep't 1946)..................................................................................13

*Reyes v. Fairfield Props.*,
661 F. Supp. 2d 249 (E.D.N.Y. 2009) .............................................................................3

*Shultis v. Woodstock Land Dev. Assoc.*,
188 A.D.2d 234, 594 N.Y.S.2d 890 (1993) ........................................................11, 13, 14, 16

**Statutes**

New York Real Property Law § 291...............................................................................16

RPAPL § 1311 .......................................................................................................14, 15

**Other Authorities**

Federal Rules of Bankruptcy Procedure Rule 7012.............................................................1, 6

Defendants Federal National Mortgage Association ("Fannie Mae") and Seterus, Inc. ("Seterus," collectively with Fannie Mae, the "Defendants") submit this memorandum of law in support of their motion, pursuant to 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure, to dismiss with prejudice the claims asserted against them by the plaintiff Gustavia Home, LLC ("Gustavia" or "Plaintiff"), in the adversary complaint filed on April 9, 2018 [Docket No. 1] (the "Complaint" or "Compl.").

## PRELIMINARY STATEMENT

Gustavia, the assignee of a junior lien secured by property located in Suffolk County, New York, filed this adversary proceeding against Fannie Mae and Seterus, the owner and servicer of a first lien mortgage, encumbering the same property, seeking a determination that Fannie Mae's mortgage should be subordinated to Gustavia's mortgage.  Gustavia alleges that a loan modification executed by the debtors Stella Lee Terranova and Robert A. Terranova (the "Debtors") in connection with the first lien substantially impaired Gustavia's security interest.

The Complaint, based almost entirely on allegations premised "upon information and belief," should be dismissed as it fails to comply with the pleading requirements of the Federal Rules of Civil Procedure.  Even if the Court addressed the claims, the allegations in the Complaint fail to state a cause of action against Defendants.  Neither the facts of this case nor the applicable law support an argument that the modification impaired or prejudiced Gustavia's rights.

Gustavia's claim for unjust enrichment is without merit as Gustavia fails to allege that Defendants have been unjustly enriched at Gustavia's expense.  A sale of the subject property has not yet occurred and a benefit that may accrue in the future is insufficient to sustain a claim for unjust enrichment.

The declaratory judgment claims also fail. The loan modification at issue did not extend new money to the Debtors, but deferred payments, interest free, reduced the interest rate and extended the term of the loan. The loan modification only modified the original terms of the mortgage and the amounts already owed by the Debtors to Fannie Mae. In fact, the loan modification actually benefitted Gustavia. At the time of the modification in 2016, the Debtors were in default under the terms of the Fannie Mae mortgage. Instead of exercising its right to foreclose and extinguish junior liens, including Gustavia's lien, Seterus offered the Debtors a loan modification, thereby preserving Gustavia's interest in the property.

Moreover, the Gustavia mortgage has been in default since June 2011 – five years before the loan modification was executed – and remains in default today. Therefore, any argument that the modification substantially impaired Gustavia's security interest or ability to get repaid lacks any basis. Gustavia could have commenced an action to collect its debt over seven years ago, but did not do so until April 2017. This lawsuit is a transparent attempt by Gustavia to circumvent New York's clear race-notice recording scheme, whereby mortgages recorded first maintain priority, along with any subsequent modification. There is absolutely no basis for Gustavia's claim that Fannie Mae's mortgage should be declared subordinate (wholly or partially) to Gustavia's lien.

Because the Complaint fails to state a claim against Defendants, the Complaint should be dismissed in its entirety, with prejudice.

## STATEMENT OF FACTS[1]

### A.    The Fannie Mae Mortgage, Modifications and Foreclosure Action

In March 2006, Debtors obtained a loan from New York Mortgage Company, LLC in the original principal amount of $356,000, dated March 22, 2006, memorialized in a promissory note (the "Fannie Mae Note"), and secured by a mortgage, also dated March 22, 2006, in favor of Fannie Mae (the "Fannie Mae Mortgage"), on property located at 3 South Street, Selden, NY 11784 (the "Property"). (Compl. ¶ 9.)[2] The Fannie Mae Mortgage was subsequently assigned to Fannie Mae. (Jacob Dec. Ex. A.)   The Complaint alleges that Seterus services the Fannie Mae Mortgage. (Compl. ¶ 10.)

Based on the Debtors' default on the Fannie Mae Mortgage in September 2014, Fannie Mae commenced a foreclosure action against Debtors, among others, in the Supreme Court State

---

[1] The pertinent facts set forth herein are based upon the allegations in the Complaint, and, for purposes of this motion only, well-pleaded facts must be accepted as true, and all inferences drawn in favor of Plaintiff, pursuant to Rule 12(b)(6).  *See In re Michel*, 573 B.R. 46, 56 (Bankr. E.D.N.Y. 2017) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.")

[2] A copy of the Fannie Mae Note and Fannie Mae Mortgage (and Assignment of Mortgage) are attached to the Declaration of Leah N. Jacob, dated June 14, 2018 ("Jacob Dec.") as **Exhibit A**.  This Court can take judicial notice of the Note and Mortgage as matters of public record and documents integral to the Complaint.   These documents were filed as part of Seterus' proof of claim in the Bankruptcy Case, and the Mortgage is recorded against the Property.  *See Awan v. Ashcroft*, No. 09-CV-1653 JS AKT, 2010 WL 3924849, at *2 (E.D.N.Y. Sept. 28, 2010) ("On a motion to dismiss, courts may take judicial notice of public records, such as properly recorded deeds."); *see also In re Castagnola*, No. 14-75123-LAS, 2017 WL 1337176, at *3 (Bankr. E.D.N.Y. Apr. 11, 2017) ("Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint."); *Reyes v. Fairfield Props.*, 661 F. Supp. 2d 249, 255 n.1 (E.D.N.Y. 2009) ("[i]t is well-settled that, in considering a motion to dismiss, the Court is entitled to take judicial notice of documents integral to or referred to in the complaint, as well as documents filed in other courts and other public records").

of New York, County of Suffolk, in March 2015, bearing Index No. 602088/2015 (the "Fannie Mae Foreclosure Action"). (Jacob Dec. Ex. B.)[3]

The Debtors entered into a loan modification with Seterus, as servicer for Fannie Mae, in July 2016 (the "Loan Modification").  (Jacob Dec. Ex. C.)[4]  The Loan Modification (1) deferred already due payments and interest on $92,100.00 (the "Deferred Amount") of the principal balance of $425,182.64 (which included only unpaid amounts, interest and other capitalized amounts); (2) reduced the interest rate to 3.750 %; (3) reduced the monthly principal and interest payments to $1,340.74; and (4) extended the maturity date of the loan.  (Jacob Dec. Ex. C.)  Due to the Loan Modification, in October 2016, the Fannie Mae Foreclosure Action was discontinued. (Jacob Dec. Ex. D.)[5]

Although unclear from the Complaint, Defendants assume for purposes of this Motion that the allegations in the Complaint relate to this Loan Modification, which was filed in March 2018 as part of Seterus' proof of claim in the Debtors' Chapter 13 bankruptcy proceeding, bearing Index No. 8-18-70004-ast (the "Bankruptcy Case") (*See* Claim 7-1).

### B.    The Gustavia Mortgage and Subsequent Foreclosure Action

According to the Complaint, Debtors executed a mortgage loan in favor of GMAC Mortgage, LLC, in the original principal amount of $50,000 (the "Gustavia Mortgage") encumbering the Property, which was recorded in August 2007, over a year after the Fannie Mae

---

[3] A copy of the complaint publicly filed in the Fannie Mae Foreclosure Action is annexed to the Jacob Dec. as **Exhibit B**.  Paragraph 5 of the complaint filed in the Fannie Mae Foreclosure Action indicates that the Debtors defaulted on the Fannie Mae Mortgage in September 2014.

[4] A copy of the Loan Modification that was attached to Seterus' Proof of Claim filed in the Bankruptcy Case is attached to the Jacob Dec. as **Exhibit C**. The court can take judicial notice of the docket and documents filed in the Bankruptcy Action as a matter of public record and because the Loan Modification is integral to the Complaint.

[5] Copies of the order discontinuing the Fannie Mae Foreclosure Action and affirmation in support of the discontinuance are annexed to the Jacob Dec. as **Exhibit D**.

Mortgage. (Compl. ¶ 5.) The Gustavia Mortgage explicitly indicates in the lower left corner of the first page that it is a "*Second* Mortgage." (Jacob Dec. Ex. E.) (emphasis added).

Debtors defaulted on the Gustavia Mortgage in June 2011. (Jacob Dec. Ex. E.)[6] Four years after the default, in October 2015, GMAC allegedly assigned the mortgage to Gustavia through an Assignment of Mortgage, endorsements and allonges. (Compl. ¶ 8.) Gustavia filed a foreclosure action in April 2017 in the Eastern District of New York, bearing Index. No. 2:17-cv-02252-LDW-AYS (the "Gustavia Foreclosure Action"). (Jacob Dec. Ex. E.) Because the Fannie Mae Mortgage is senior to and has priority over the Gustavia Mortgage, Fannie Mae was not named in the Gustavia Foreclosure Action. (Jacob Dec. Ex. E, ¶ 8.) In November 2017, Gustavia was granted a judgment of foreclosure and sale in the amount of $75,123.19 (the "Gustavia Foreclosure Judgment"). (Jacob Dec. Ex. F.)[7]

### C.    The Debtors' Bankruptcy and Adversary Proceeding

On January 2, 2018, Debtors filed a Chapter 13 bankruptcy petition in the Bankruptcy Case. (Bankruptcy Docket No. 1). Gustavia appeared in the Bankruptcy Case by filing a Notice of Appearance on March 1, 2018. (Bankruptcy Docket No. 18.) On March 13, 2018, Debtors filed a Motion to Strip the Gustavia Mortgage ("Motion to Strip"), reclassifying the claim to wholly unsecured, arguing that Fannie Mae's Mortgage exceeds the appraised value of the Property and the Gustavia Mortgage is therefore fully unsecured. (Bankruptcy Docket No. 21.) In support of the Motion to Strip, Debtors submitted an appraisal dated February 3, 2018,

---

[6] A copy of the complaint publicly filed in the Gustavia Foreclosure Action is annexed to the Jacob Dec. as **Exhibit E.** The complaint filed in the Gustavia Foreclosure Action specifically states that "Robert Terranova and Stella Terranova have failed to comply with the terms and provisions of said Mortgage and said Instruments secured by the Mortgage, by failing to make the Monthly Payments due on the first (1st) day of June, 2011 and the default continues to date." (Jacob Dec. Ex. E ¶ 18.)

[7] A copy of the Gustavia Foreclosure Judgment is annexed to the Jacob Dec. as **Exhibit F.**

indicating the value of the Property to be $350,000 (the "Appraisal"). (Bankruptcy Docket No. 21, Ex. C; Jacob Dec. Ex. G.)[8] The presentment date for the Debtors' Motion to Strip is July 17, 2018. (Bankruptcy Case Docket No. 24.)

On April 9, 2018, Gustavia filed the within adversary proceeding against Defendants. (Docket No. 1.) The Complaint alleges three causes of action: (1) Unjust Enrichment; (2) Declaratory Judgment for Subordination of the Fannie Mae Mortgage; and (3) Declaratory Judgment for Partial Subordination of the Fannie Mae Mortgage.

The crux of the Complaint relates to Gustavia's claim that an unspecified loan modification prejudiced Gustavia's rights. (Compl.¶ 14.) Specifically, Gustavia claims that the Loan Modification gave Fannie Mae a greater security interest than it originally had under the Fannie Mae Mortgage, and eliminated equity from the Property, thereby reducing Gustavia's ability to recover under the Gustavia Mortgage. (Compl. ¶¶ 20-24.) Gustavia claims that Defendants have been unjustly enriched by the Loan Modification. (Compl. ¶ 24.) Further, Gustavia claims that the Loan Modification substantially impaired its interest in the Property and seeks a judgment declaring the Fannie Mae Mortgage wholly or partially subordinate to the Gustavia Mortgage. (Compl. ¶¶ 32, 34.) Defendants now move to dismiss the Complaint in its entirety.

## ARGUMENT

### I.    LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), made applicable to this proceeding by Rule 7012 of the Bankruptcy Rules, the plaintiff must plead enough facts "to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)

---

[8] A copy of the February 3, 2018 Motion to Strip, with Appraisal is annexed to the Jacob Dec. as **Exhibit G**.

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  *Twombly*, 550 U.S. at 570.  But the court is not bound to accept as true legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (citing *Twombly,* 550 U.S. at 557).  If there are insufficient factual allegations to raise a right to relief above the speculative level, the complaint must be dismissed.  *Twombly*, 550 U.S. at 555.

In reviewing a motion to dismiss, a court may consider, *inter alia*, (1) documents that are incorporated by reference into the complaint, (2) documents that, even if not incorporated by reference, the defendant has notice of and that are "integral" to the complaint; and (3) publically recorded documents.  *See Chambers v. Time Warner*, 282 F.3d 147, 152–54 (2d Cir. 2002); *Done v. HSBC Bank USA*, No. 09-CV-4878 JFB ARL, 2010 WL 3824142, at *2 (E.D.N.Y. Sept. 23, 2010); *Awan*, No. 09-CV-1653 JS AKT, 2010 WL 3924849, at *2.

Applying these standards, Defendants' Motion to Dismiss should be granted in its entirety.

## II.    THE COMPLAINT FAILS TO STATE A CLAIM

### A.    The Complaint is an Improper Pleading

The Complaint is replete with conclusory allegations made primarily upon "upon information and belief" and cannot withstand a motion to dismiss.  (*See gen.* Compl.)  Even though the Court must assume all well-pleaded facts as true, the Complaint in this matter fails to plead almost any facts regarding Gustavia's claims.

Significantly, the Complaint fails to attach the loan modification agreement that allegedly prejudiced Gustavia's rights, nor does the Complaint allege the specific terms of the loan modification which purportedly impaired Gustavia's security interest.  Such vague and

7

conclusory allegations do not meet the pleading requirements under the FRCP, and dismissal is warranted on this basis alone. *See Kwon v. Santander Consumer U.S.A.*, No. 15CV3352 SJF AKT, 2016 WL 6518578, at * 6 (E.D.N.Y. Oct. 6, 2016) (dismissing breach of contract claim where the complaint failed to allege any factual basis to support an inference that defendant somehow breached a contract); *Green v. Sinai Van Serv.*, No. 17 CIV. 3913 (RWS), 2018 WL 340007, at *2 (S.D.N.Y. Jan. 8, 2018) (dismissing a complaint that even construed liberally, "merely creates a suspicion [of] a legally cognizable right of action.")

Despite the insufficient pleading, in the interest of resolving this litigation, Defendants address the purported claims below, which lack any legal or factual basis.

### B.    The Complaint Fails to Plead a Cause of Action for Unjust Enrichment

The Complaint alleges that an unspecified loan modification increased the principal balance of the Fannie Mae Mortgage allowing Fannie Mae to recover more than it would have under the original amount of the mortgage loan. (Compl. ¶¶ 18-19.) Gustavia claims that the loan modification eliminated any equity in the Property and Fannie Mae has been unjustly enriched at Gustavia's expense. (Compl.¶ 22.) This claim fails on its face.

"In order to state a claim for unjust enrichment under New York law, a plaintiff must allege that '(1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover .'" *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 55 (2d Cir. 2011) (quoting *Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004)). Notably, in order to state a claim for unjust enrichment, a plaintiff must show that the defendant actually received a benefit. *See Legurnic v. Ciccone*, 63 F. Supp. 3d 241, 248 (E.D.N.Y. 2014) ("Therefore, if the Plaintiff fails to show that the Defendant received a benefit, there can be no liability for unjust enrichment."); *see also Chevron Corp. v. Donziger*, 871 F. Supp. 2d 229, 260 (S.D.N.Y. 2012)

("A complaint does not state a cause of action in unjust enrichment if it fails to allege that defendant received something of value which belongs to the plaintiff."). Such a benefit must be both "specific" and "direct." *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000) (evidence did "not establish the specific and direct benefit necessary to support an unjust enrichment claim").

Further, in New York, a claim for unjust enrichment is a "quasi-contractual" claim and a plaintiff must plead a prior course of dealing or relationship with the defendant. *See Gristede's Foods, Inc. v. Unkechauge Nation*, 532 F. Supp. 2d 439, 454 (E.D.N.Y. 2007) (stating that a claim for unjust enrichment requires some type of direct dealing or relationship with a defendant).

Gustavia's unjust enrichment claim, which is based predominantly upon "information and belief," fails to state a claim. Gustavia fails to plead any connection or relationship with Defendants, nor could there be one between Defendants and Gustavia, an entity having no connection to Defendants, except that Gustavia and Fannie Mae both hold unrelated secured interests in the Property. *See Gristede's Foods, Inc.*, 532 F. Supp. 2d at 454 (dismissing claim for unjust enrichment where plaintiff "alleged no prior course of dealing with the defendants" and the relationship between the two parties is "too attenuated to support the claim."); *Reading Int'l, Inc. v. Oaktree Capital Mgmt.*, 317 F. Supp. 2d 301, 333–34 (S.D.N.Y. 2003) (finding no unjust enrichment claim as plaintiff has "not alleged that they had a contractual or quasi-contractual relationship with defendants, and in fact have alleged no prior course of business dealings with defendants whatsoever").

Moreover, the Complaint fails to allege any facts that Defendants received any benefit, let alone a "specific" and "direct" benefit, from Gustavia. *See Am. Fin. Int'l Grp.-Asia, L.L.C. v. Bennett,* No. 05 Civ. 8988(GEL), 2007 WL 1732427, at *3 (S.D.N.Y. June 14, 2007) (dismissing

unjust enrichment claim where "nothing in the complaint indicates that defendants received any personal benefit"). Gustavia's claim that "upon information and belief, the Loan Modification will allow [Fannie Mae] to recover more than it would have under the original Fannie Mae Mortgage" is too speculative to support a claim for unjust enrichment. (Compl. ¶ 18.) The amount Fannie Mae could recover upon a sale of the Property is not known at this time and contingent upon future events. Certainly, "an allegation premised on an unnamed benefit that may accrue in the future, however, is too slender a reed on which to premise a claim of unjust enrichment." *Regnante v. Sec. & Exch. Officials*, 134 F. Supp. 3d 749, 772–73 (S.D.N.Y. 2015); *see Mina Inv. Holdings, Ltd. v. Lefkowitz,* 51 F. Supp. 2d 486, 490 (S.D.N.Y.1999) (finding that "Plaintiffs' allegation that [defendant] 'may' become unjustly enriched in the future" is insufficient to state an unjust enrichment claim).

To the extent Gustavia is claiming that Fannie Mae received the benefit of "equity" in the Property, that claim is refuted by the Appraisal indicating that the value of the Property is $350,000. (Bankruptcy Action Docket No. 21.) The balance of the Fannie Mae Mortgage is $454,286.50. (Bankruptcy Action Docket Claim 7-1.)[9] Based on these facts, since the Property appears to be under water, it cannot logically be argued that Fannie Mae received the benefit of "equity" in the Property. (Compl. ¶ 22.) Indeed, if a foreclosure sale occurred tomorrow, Fannie Mae would not likely recover even the original principal amount of the loan, in the amount of $356,000. (Jacob Dec. Ex .A.)

Based on the above, Gustavia's claim for unjust enrichment cannot survive and should be dismissed.

---

[9] A copy of Seterus' Proof of Claim filed in the Bankruptcy Case is attached to the Jacob Dec. as **Exhibit H**.

## C.    The Declaratory Judgment Claims are Baseless

Gustavia seeks a declaratory judgment finding that because the Loan Modification created a "substantial, material and adverse impairment of the Gustavia Note and Gustavia Mortgage," the Fannie Mae Mortgage should be declared wholly or partially subordinate to the Gustavia Mortgage.  (Compl. ¶¶ 27, 31, 34).  Neither the facts of this case nor the applicable law support Gustavia's contention.

It is well-established under New York law that "[a] senior lienor may enter into an agreement with the mortgagor modifying the terms of the underlying note or mortgage without obtaining the consent of any junior lienors."  *In re White*, 514 B.R. 365, 369–70 (Bankr. E.D.N.Y. 2014) (citing *Fleet Bank v. Cty. of Monroe Indus. Dev. Agency*, 224 A.D.2d 964, 637 N.Y.S.2d 870, 871 (1996)).  "However, if the modification prejudices the rights of the junior lien holder or impairs its security, and is made without the junior lien holder's consent, courts have divested the senior lien holder of its priority and elevated the junior lien holder to a position of superiority."  *In re White*, 514 B.R. at 369; *see Shultis v. Woodstock Land Dev. Assoc.*, 188 A.D.2d 234, 594 N.Y.S.2d 890, 892 (1993).  If the "actions of the senior lien holder prejudice the junior lien holder, but do not substantially impair their security interest or destroy their equity, the senior lien holder will be required to relinquish to the junior holder its priority with respect to the modified terms only."  *In re White*, 514 B.R. at 369; *see Shultis* 594 N.Y.S.2d at 892.

To that end, when considering whether a modification prejudices a junior lien holder "courts look at the particulars of the modification and scrutinize certain factors of the transaction."  *In re White*, 514 B.R. at 369.  The principal factors considered are whether the modification increased the interest rate or the principal amount of the mortgage obligation.  (*Id.*)

Under this well-established standard, Gustavia's claims are unsustainable.  There are no

facts alleged to support a claim that the Loan Modification substantially impaired Gustavia's rights. To the contrary, the undisputed facts provide no basis for subordinating any portion of the Fannie Mae Mortgage to the Gustavia Mortgage.

### 1.    The Terms of the Loan Modification did not Prejudice Gustavia

In 2016, Debtors accepted the Loan Modification which (1) deferred payments and interest on $92,100.00 (the "Deferred Amount") of the new principal balance of $425,182.64 (which included only unpaid amounts, interest and other capitalized amounts); (2) reduced the interest rate to 3.750%; (3) reduced the monthly principal and interest payments to $1,340.74; and (4) extended the maturity date.[10] By the explicit terms of the Loan Modification, the Debtors were not required to make payments on the Deferred Amount, nor did that amount bear any interest. In fact, the interest bearing principal balance under the Loan Modification was decreased to $333,082.64.[11] The Loan Modification did not advance any new funds to the Debtors, but merely restructured the amounts already owed to Fannie Mae, providing more favorable terms to the Debtors.

The unambiguous terms of the Loan Modification warrant dismissal of Gustavia's claim. *See Andreadis Capital, LLC v. Segura*, No. 18742/2013, 2014 WL 6991638 (Sup. Ct. Queens Cty. Oct. 30, 2014) (the court found that although the principal amount of the loan was increased by the modification, subordination of a senior lien was not warranted where "the loan modification did not extend new money to the borrowers, but instead, extended the time and manner of repayment and included the accrued interest, past due escrow and outstanding fees

---

[10] The interest rate under the Fannie Mae Note was 6.625% and the monthly payments were $1,965.42 for the first 120 months. (*See* Jacob Dec. Ex. A.)

[11] The unpaid principal balance under the Fannie Mae Mortgage was $356,000 at origination. (*See* Jacob Dec. Ex. A.)

owed by the borrowers.  The modification was not a consolidation and extension agreement, but was just a modification of the original terms of the mortgage. Additionally, under the terms of the original mortgage the lender reserved the right to modify the loan.")

Indeed, this is not a situation where a loan modification increased the monthly payment amount on a first lien mortgage thereby depriving a junior lienor of cash flow or where the interest rate was significantly increased or the maturity date accelerated.  *See Shultis,* 188 A.D.2d at 237, 594 N.Y.S.2d at 893 (granting partial subordination of a senior lien where the terms of the modification significantly increased the interest rate); *Remodeling & Constr. Corp. v. Melker*, 65 N.Y.S.2d 738, 741 (Sup. Ct. Kings Cty. 1946), *aff'd sub nom., Remodeling & Constr. Corp. v. Melker*, 270 A.D. 1053, 64 N.Y.S.2d 175 (2d Dep't 1946) (subordination of a senior lien was warranted where the modification accelerated the maturity date ahead of a junior lien and was done "for the sole purpose of wiping out the second mortgage.")  In fact, given the lower monthly payment created by the Loan Modification, it is conceivable that the Debtors would now be able to make payments on the Gustavia Mortgage as they had not done so since 2011.

## 2.    The Loan Modification Preserved Gustavia's Lien

While Gustavia claims that the Loan Modification impaired its lien, the Loan Modification actually preserved Gustavia's Mortgage.  When the Loan Modification was executed in 2016, the Debtors were in default under the Fannie Mae Mortgage.[12]  (Jacob Dec. Ex. B.)  At that time, Fannie Mae had the right to pursue the pending Fannie Mae Foreclosure Action and extinguish all junior interests, including Gustavia's interest.  Instead, Seterus agreed to modify the terms of the Fannie Mae Mortgage which avoided foreclosure and the extinguishment of subordinate liens, including Gustavia's junior lien.  *See In re Oligbo*, 328 B.R.

---

[12] The Fannie Mae Foreclosure Complaint indicates that the Debtors' defaulted on the Fannie Mae Mortgage in September 2014.  (Jacob Dec. Ex. B ¶ 5.)

13

619, 639 (Bankr. E.D.N.Y. 2005) (RPAPL Section 1311 provides that "necessary defendants" to a mortgage foreclosure action include "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff").)

The holding in *In Re White* is directly on point.  There, a junior mortgagee brought an adversary proceeding for subordination of senior mortgage debt, arguing that a modification of the terms of a senior mortgage impaired the junior mortgagee's rights. *See In re White*, 514 B.R. at 369.  Like the modification at issue here, the loan modification in *White* extended the maturity date, deferred (interest free) payments on $65,300 of the principal balance, and reduced the interest rate.  *See id* at 368.  The court found that there was no basis for subordinating *any portion* of the senior lien because the modification did not increase the interest rate, the amount secured by the mortgage or otherwise impair the junior lienor's interest.  *See id.*  In evaluating whether the junior lienor's interest was impaired, the court relied heavily on the fact that the debtor was in default at the time of the modification and rather than foreclosing the senior lien, the loan was modified and mortgage payments were reduced, improving the debtor's ability to make payments under both loans.  *See id* at 369-70.

The holding in *Shultis* is also highly instructive.  There, the court found that wholesale subordination of a lien was not warranted where the subject loan modification was not part of a "calculated scheme to foreclose" the junior lienholder's rights, but rather was a last-ditch attempt by plaintiffs to save the loan and to avoid foreclosure.  *See Shultis,* 594 N.Y.S.2d at 892.  The court found that these acts benefitted the junior lienholder by preserving its lien.  *See id.*

As in *Shultis*, there are no allegations that the Loan Modification was part of a "calculated scheme to foreclose" Gustavia's lien.  Rather, the Loan Modification was an effort to avoid foreclosure.  Thus, Gustavia's claim that the Loan Modification created a substantial

impairment of its secured interest is baseless.

### 3.    The Gustavia Mortgage Has Been in Default Since June 2011

Gustavia claims that the Loan Modification eliminated equity from the Property, reducing Gustavia's ability to recover the amount it is owed.  (Compl. ¶ 21.)  This argument completely ignores the fact that the Gustavia Mortgage has been in default since June 2011.[13]  Notably, the Gustavia Mortgage was a non-performing loan when it was transferred to Gustavia in 2015. Rather than commencing an action to collect its debt in 2011 (by foreclosure or otherwise), Gustavia did not commence the Gustavia Foreclosure Action until April 2017.  (Jacob Dec. Ex. E).  Because Gustavia could have commenced an action to recoup its debt well before the Loan Modification was executed in 2016, any claim that the Loan Modification "reduc[ed] [Gustavia's] ability to recover the amounts due" (Compl. ¶ 21) is disingenuous.  Further, Gustavia did not name Fannie Mae in the Gustavia Foreclosure Action filed in April 2017.  If Gustavia believed that its lien had priority over the Fannie Mae Mortgage, it should have named Fannie Mae as a party and raised this issue in the Gustavia Foreclosure Action.  (Jacob Dec. Ex. E ¶ 8). *See* N.Y. Real Prop. Acts. Law § 1311 (McKinney) (establishing that any parties "whose interest is claimed to be subject and subordinate to the plaintiff's lien, shall be made a party defendant" to a foreclosure action).

Moreover, Gustavia's argument is further belied by the fact that the Property has no equity to "eliminate."  The Appraisal submitted by the Debtors in the Bankruptcy Case in March 2018 values the Property at $350,000, while the outstanding amount owed on the Fannie Mae Mortgage is $454,286.50.  (*See* Jacob Dec. Exs. G and H.)

Undoubtedly, this adversary proceeding, which lacks any legal basis, was strategically

---

[13] The Gustavia Foreclosure Complaint specifically states that the Debtors have been in default since June 2011.  (Jacob Dec Ex. F ¶ 18.)

filed by Gustavia after it obtained the Foreclosure Judgment in November 2017 and realized it would likely not recover any of the amounts owed upon a sale of the Property. Subordinating even a portion of the Fannie Mae Mortgage to the Gustavia Mortgage (which Defendants do not concede is warranted), however, would not benefit Gustavia where the principal balance under the Fannie Mae Mortgage without modification is $356,000, and the Property value is $350,000. (Jacob Dec. Exs. A, G.) *See, e.g.*, *Shultis,* 188 A.D.2d at 237, 594 N.Y.S.2d at 893 (when evaluating whether subordination of a lien was warranted the court considered whether the property had equity). The Court should reject Gustavia's improper attempt to circumvent New York Real Property Law § 291. *See All. Funding Co. v. Taboada*, 39 A.D.3d 784, 832 N.Y.S.2d 814 (2d Dep't 2007) (New York has a "race-notice" recording statutory scheme whereby the mortgage recorded first by a mortgagee without notice of any other mortgages will maintain priority over such other mortgages).

## CONCLUSION

Because the Complaint fails to allege any facts that the Loan Modification substantially impaired Gustavia's interest and no such facts exist, the Court should deny Gustavia's request for subordination (wholly or partially) of the Fannie Mae Mortgage and dismiss the Complaint in its entirety, with prejudice.

Dated: New York, New York
      June 14, 2018

Respectfully Submitted,

By: /s/ Leah N. Jacob
    Leah N. Jacob
875 Third Avenue
New York, New York 10022
Tel: (212) 918-3000
Fax: (212) 918-3100
*Attorneys for Defendants Federal National Mortgage Association and Seterus, Inc.*