# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---X

FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE UNITED STATES OF AMERICA

Plaintiff

vs

ROBERT TERRANOVA, STELLA TERRANOVA, BUCKS FINANCIAL, LLC,

JOHN DOE (being fictitious, the names unknown to Plaintiff intended to be tenants, occupants, persons or corporations having or claiming an interest in or lien upon the property described in the complaint or their heirs at law, distributees, executors, administrators, trustees, guardians, assignees, creditors or successors.)

Defendant(s)

---X

**SUMMONS**

INDEX #

ORIGINAL FILED WITH THE CLERK ON:

MORTGAGE PREMISES:
3 SOUTH STREET
SELDEN NY 11784

DSBL #: 0200 - 425.00 - 04.00 - 024.000

TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the Complaint in the above captioned action and to serve a copy of your Answer on the Plaintiff's attorney within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after completion of service where service is made in any other manner than by personal delivery within the State. The United States of America, if designated as a Defendant in this action, may answer or appear within sixty (60) days of service hereof. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

## NOTICE
## YOU ARE IN DANGER OF LOSING YOUR HOME

**If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.**

**Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.**

**Sending a payment to your mortgage company will not stop this foreclosure action.**

**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.**

Suffolk County is designated as the place of trial. The basis of venue is the location of the mortgaged premises foreclosed herein.

DATED: February 13, 2015

By: ______________________

Amber Jurek, Esq
**Gross Polowy, LLC**
**Attorneys for Plaintiff**
**1775 Wehrle Drive, Suite 100**
**Williamsville, NY 14221**
**Tel.: (716)204-1700**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

------------------------------------------------------------------X

FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE UNITED STATES OF AMERICA

Plaintiff

vs

ROBERT TERRANOVA, STELLA TERRANOVA, BUCKS FINANCIAL, LLC,

JOHN DOE (being fictitious, the names unknown to Plaintiff intended to be tenants, occupants, persons or corporations having or claiming an interest in or lien upon the property described in the complaint or their heirs at law, distributees, executors, administrators, trustees, guardians, assignees, creditors or successors.)

Defendant(s)

______________________________________________________X

**COMPLAINT**

INDEX #:

MORTGAGE PREMISES:
3 SOUTH STREET
SELDEN, NY 11784

DSBL #: 0200 - 425.00 - 04.00 - 024.000

The Plaintiff by its attorneys, Gross Polowy, LLC, for its complaint against the Defendant(s) alleges upon information and belief as follows:

1. Federal National Mortgage Association, ("Fannie Mae"), a corporation organized and existing under the laws of the United States of America, is the owner and holder of the subject mortgage and note. Attached here as Schedule A is a copy of the original note.

2. On or about March 22, 2006, Robert Terranova executed and delivered a Note whereby Robert Terranova promised to pay the sum of $356,000.00 plus interest on the unpaid amount due. The terms of the note were subsequently modified on June 10, 2011.

3. As security for the payment of the note Robert Terranova and Stella Terranova duly executed and delivered a mortgage, in the amount of $356,000.00 which was recorded as follows.

Recording Date: May 15, 2006
Book 21298/Page 958
Suffolk County Clerk

The mortgage was subsequently assigned to The New York Mortgage Company, LLC by a gap assignment executed on January 23, 2015 and sent for recording in the Office of the Suffolk County Clerk.

The mortgage was subsequently assigned to Mortgage Electronic Registration Systems, Inc. as nominee for GreenPoint Mortgage Funding, Inc.

The mortgage was subsequently modified on June 10, 2011 and taxes will be paid on the modified amount.

The mortgage was subsequently assigned to Federal National Mortgage Association.

4. The mortgaged property is known as 3 SOUTH STREET, SELDEN, NY 11784. The tax map designation is DISTRICT 0200 SECTION 425.00 BLOCK 04.00, LOT 024.000. Plaintiff is foreclosing the land, buildings, and other improvements located on the property. The property is more fully described in Schedule B attached to this complaint.

5. That Robert Terranova failed to comply with the conditions of the note and mortgage by not making the payment that was due on September 1, 2014 and subsequent payments. Accordingly, Plaintiff hereby declares the entire amount owed on the note and secured by the mortgage.

6. There is now due and owing on the note and mortgage the following amounts:

Principal Balance: $388,196.98
Interest Rate: 2%
Date Interest Accrues from: August 1, 2014

Together with late charges, monies advanced for taxes, assessments, insurance, maintenance and preservation of the property, and the costs, allowances, expenses of sale, and reasonable attorney's fees for the foreclosure. The interest rate stated above may change in accordance with the adjustable rate feature of the note.

7. In order to protect the value of the property and its rights in the property, the Plaintiff may have to pay taxes, assessments, water charges, insurance premiums and other charges. Plaintiff requests that any amount it pays, together with interest, be included in the total amount due.

8. The defendant(s) claim an interest or lien encumbering the property, which is either subordinate to Plaintiff's mortgage, or paid in full, equitably subordinated, or adverse to Plaintiff's mortgage. The interest or lien of each defendant is set forth in "Schedule C" of this complaint.

9. The interest or lien of any governmental entity of the United States, State, City or local government is set forth in "Schedule D" of this complaint.

10. The John Doe defendant(s) unknown are tenants, occupants, persons or corporations, heirs at law, distributees, executors, administrators, trustees, guardians, assignees, creditors or successors whose interest or lien is either subordinate to Plaintiff's mortgage, paid in full, equitably subordinated, or adverse to Plaintiff's mortgage. If the mortgagor or owner is deceased, the John Doe defendant(s) are the unknown heirs at law, distributees, executors, administrators, trustees, guardians, assignees, creditors or successors of the mortgagors or owners.

11. Plaintiff has complied with sections 1304 and 1306 of the Real Property Actions and Proceedings Law, and the mortgage was originated in compliance with all provisions of section 595-a of the Banking Law and any rules or regulations promulgated there under, and, if applicable, sections 6-l or 6-m of the Banking law.

12. No action was brought to recover any part of the mortgage debt or if any such action is pending final judgment for Plaintiff was not rendered and it is the intent of the Plaintiff to discontinue it.

WHEREFORE, PLAINTIFF DEMANDS:

a. Judgment determining the amount due Plaintiff for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the property and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest.
b. That the property be sold at auction to the highest bidder in accordance with the referee's terms of sale.
c. That the interest of the defendant(s) and all persons claiming by or through them be foreclosed and their title, right, claim, lien, interest or equity of redemption to the property be forever extinguished.
d. That out of the sale proceeds, the Plaintiff be paid the amounts due for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the property, and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest.
e. That the property be sold in as is condition and subject to the facts an inspection or accurate survey of the property would disclose, covenants, restrictions, easements and public utility agreements of record, building and zoning ordinances and violations, and the equity of redemption of the United States of America.
f. That Plaintiff may purchase the property at the sale.
g. That a receiver be appointed for the property, if requested by Plaintiff.
h. That a deficiency judgment against all obligors on the note, for the amount that remains due after distribution of the sale proceeds, unless the debt was discharged in a bankruptcy, be granted if requested by Plaintiff.

i. That if the Plaintiff possesses other liens against the property, they not merge with the mortgage being foreclosed and that Plaintiff, as a subordinate lien holder, be allowed to share in any surplus proceeds resulting from the sale.

j. That the Court award Plaintiff additional relief that is just, equitable and proper.

By: ______________________

Amber Jurek, Esq.
Gross Polowy, LLC
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221

**Schedule A**

Attached here as Schedule A is a copy of the original note. If applicable, certain non-public personal information has been redacted from the attached document.

Loan Number: [redacted]6629

# InterestFirst℠ NOTE

March 22, 2006 *[Date]*    Seldon *[City]*    NEW YORK *[State]*

3 South Street, Selden, NY 11784
*[Property Address]*

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 356,000.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is NEW YORK MORTGAGE COMPANY, LLC (THE

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 6.625%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3. PAYMENTS**

**(A) Time and Place of Payments**

I will make a payment every month. This payment will be for interest only for the first 120 months, and then will consist of principal and interest.

I will make my monthly payment on the 1st day of each month beginning on May 1, 2006.

I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date, and if the payment includes both principal and interest it will be applied to interest before Principal. If, on April 1, 2036, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at P.O. Box 1093, Branford, CT 06405-8093 or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $1,965.42 for the first 120 months of this Note, and thereafter will be in the amount of U.S. $2,680.51. The Note Holder will notify me prior to the date of change in monthly payment.

**4. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date of




my monthly payment unless the Note Holder agrees in writing to those changes. However, if the partial Prepayment is made during the period when my monthly payments consist only of interest, the amount of the monthly payment will decrease for the remainder of the term when my payments consist only of interest as well as during the time that my payments consist of principal and interest. If the partial Prepayment is made during the period when my payments consist of principal and interest, the amount of my monthly payment will not decrease; however, the principal and the interest required under this Note will be paid prior to the Maturity Date.

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 2.000% of my overdue payment of interest and/or principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights







under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

9. **WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

10. **UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

> Lender may require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. If Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission, Lender also may require immediate payment in full. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.
>
> If Lender requires immediate payment in full under this Section 18, Lender will give me a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is given to me in the manner required by Section 15 of this Security Instrument. If I do not make the required payment during that period, Lender may act to enforce its rights under this Security Instrument without giving me any further notice or demand for payment.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

Robert Terranova [signature] (Seal) -Borrower

_______________ (Seal) -Borrower

_______________ (Seal) -Borrower

_______________ (Seal) -Borrower

*[Sign Original Only]*

*Terranova*
*101-A602004*

# NOTE ALLONGE

**FOR PURPOSES OF FURTHER ENDORSEMENT OF THE NOTE REFERRED TO BELOW:**

**ALLONGE TO THAT CERTAIN NOTE DATED:** 03/22/06

**IN THE ORIGINAL PRINCIPAL AMOUNT OF:** 356,000.00

**BORROWER(S):** Robert Terranova

**LENDER:** The New York Mortgage Company, LLC

**PROPERTY ADDRESS:** 3 South Street ,Selden ,NY 11784

**PAY TO THE ORDER OF**

GREENPOINT MORTGAGE FUNDING, INC.
LOAN #[redacted]6629

COC57236

**WITHOUT RECOURSE**

**THE NEW YORK MORTGAGE COMPANY, LLC**

By: [signature]

Anna Frange
VP of Closing,Funding&Shipping

WITHOUT RECOURSE
PAY TO THE ORDER OF:
Countrywide Bank, N.A.

GreenPoint Mortgage Funding, Inc.

Larry R. Kern
Assistant Vice President

Pay to the order of:
Countrywide Home Loans, Inc.
Without Recourse
Countrywide Bank, N.A.
By: Laurie Meder, SVP

Pay to the order of:
Without Recourse
Countrywide Home Loans, Inc.
By: Michele Sjolander, EVP

**Schedule B – Legal Description**

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Town of Brookhaven, County of Suffolk and State of New York, known and designated as Lot No. 754, part of Lot Nos. 753, 755 through 760, inclusive, as shown on a certain map entitled, "Map of Norton Park, Section 5," and filed in the Office of the Clerk of the County of Suffolk on December 14, 1906, as Map No. 517, being more particularly bounded and described as follows:

BEGINNING at a point on the Northerly side of South Street, where the same is intersected by the Westerly end of a curve having a radius of 20 feet and a length of 31.41 feet, said curve connects the Northerly side of South Street with the Westerly side of Arlington Avenue;

RUNNING THENCE from said point or place of beginning Westerly along the Northerly side of South Street, South 83 degrees 55 minutes 21 seconds West, 177.49 feet;

THENCE North 06 degrees 06 minutes 03 seconds West, 100.07 feet actual (100.00 feet map);

THENCE North 83 degrees 55 minutes 21 seconds East, 47.50 feet;

THENCE South 06 degrees 06 minutes 03 seconds East, 5.00 feet;

THENCE North 83 degrees 55 minutes 21 seconds East, 150.00 feet to the Westerly side of Arlington Avenue;

THENCE Southerly along the Westerly side of said Arlington Avenue, South 06 degrees 06 minutes 03 seconds East, 75.06 feet to the Northerly end of the curve first above mentioned;

THENCE Southwesterly along the arc of said curve bearing to the right, having a radius of 20.00 feet and a distance of 31.41 feet to the Northerly side of South Street to the point or place of BEGINNING.

**Schedule C – Defendants**

| | |
|---|---|
| Robert Terranova | Borrower |
| Stella Terranova | Borrower |
| Bucks Financial, LLC | Holder of a mortgage. |
| John Doe | Said names (being fictitious, the names unknown to Plaintiff intended to be tenants, occupants, persons or corporations having or claiming an interest in or lien upon the property described in the complaint or their heirs at law, distributees, executors, administrators, trustees, guardians, assignees, creditors or successors) |

**Schedule D – Defendants**

**NONE**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

-------------------------------------------------------------------X

FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE UNITED STATES OF AMERICA

Plaintiff,

vs.

ROBERT TERRANOVA AND STELLA TERRANOVA et al.

Defendants.

-------------------------------------------------------------------X

SUMMONS AND COMPLAINT

-------------------------------------------------------------------X

GROSS POLOWY, LLC
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221