UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
IN RE:                                                              Chapter 13

STELLA LEE TERRANOVA and                          Case No.: 8:18-bk-70004ast
ROBERT A. TERRANOVA,

                        Debtors.                          Judge Alan S. Trust

---------------------------------------------------------------X
GUSTAVIA HOME, LLC,                                    Adversary Proceeding

                        Plaintiff,                         Case No.: 18-08054-ast

-against-

FEDERAL NATIONAL MORTGAGE ASSOCIATION
("Fannie Mae"), SETERUS, INC.,

                        Defendants.
---------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

                                                        **HASBANI & LIGHT, P.C.**
                           Attorneys for Plaintiff Gustavia Home, LLC
                                    450 Seventh Ave, Suite 1408
                                           New York, NY 10123
                                             (P) (646) 490-6677
                                              (F) (347) 491-4048

Dated: August 21, 2018

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted by Plaintiff Gustavia Home, LLC ("Plaintiff" or "Gustavia") in opposition to Defendants FEDERAL NATIONAL MORTGAGE ASSOCIATION's ("Fannie Mae"), SETERUS, INC's (herein collectively as "Defendants")

motion for a an order dismissing the adversary complaint defendants pursuant FRCP Rule 12(b)(6). As set forth below, Plaintiff has demonstrated that its action has merit and that it has stated a valid cause of action.

## INTRODUCTION

This adversary proceeding was commenced on April 9, 2018 seeking a declaratory judgment of subordination or in the alternative partial subordination of Defendants' lien, as Defendants modified their original loan without the consent of Plaintiff. By doing so, Plaintiff's lien was adversely affected. A copy of the adversary proceeding is attached hereto as **Exhibit A**.

Defendants' motion to dismiss must be denied in its entirety. Plaintiff's complaint states a viable cause of action upon which relief can be granted. It is undisputed that Defendants modified the original loan given to the Debtors and increased the unpaid principal balance ("UPB"). In their motion, Defendants only provide self-serving statements that the amounts added that increased the UPB were monies already owed by Debtors. However, Defendants have not provided one single piece of evidence of the calculation used to obtain the new UPB, any evidence that any advances were paid by Defendants on behalf of Debtors, and even if any advances were made, that Defendants are entitled to collect on such advances.

Furthermore, Defendants' motion fails to prove beyond a doubt that Plaintiff's allegations are insufficient and cannot be proven. Again, Defendants have not provided any evidence with

regard to the calculation of the new UPB, nor a payment history, nor any evidence that Defendants are entitled to the additional amounts added to the UPB. As triable issues of fact remain, the adversary proceeding should be allowed to continue and the parties should be allowed to conduct discovery in attempts to resolve the outstanding issues.

## FACTUAL BACKGROUND

For the purpose of judicial economy and this opposition only, the Plaintiff agrees with the procedural history as laid out by Defendants' memorandum.

## ARGUMENT

**LEGAL STANDARD**

"Under Rule 12(b)(6) a complaint will be dismissed if there is a "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). The Court must read the complaint generously, accepting the truth of and drawing all reasonable inferences from well-pleaded factual allegations." *Semerdjian v. McDougal Littell*, 2008 WL 110942, 2 (S.D.N.Y 2008) citing to *York v. Ass'n of Bar of City of New York*, 286 F.3d 122, 125 (2d Cir.2002); see also *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir.1993); *Verdon v. Consolidated Rail Corp.*, 828 F.Supp. 1129, 1137 (S.D.N.Y. 1993). "A court should dismiss a complaint only "if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Semerdjian* citing to *Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir.1994) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); see also *Jenkins v. McKeithen*, 395 U.S. 411, 422 (1969) (citation omitted). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *Semerdjian* citing to *ATSI Communications, Inc. v. Shaar Fund Ltd.*, 493 F.3d 87 (2d Cir.2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)).

The movant of a motion to dismiss pursuant to FRCP Rule 12(b)(6) must show beyond a doubt that no set of facts can support the claims made. The opposing party need only show a right to the relief beyond the speculative level. As stated above, it is undisputed that Defendants raised the UPB, the amount owed on the original loan taken out by Debtors. Defendants have not provided a single piece of evidence showing that the additional sums added are monies Defendants are entitled to.

### PLAINTIFF HAS SUFFICIENTLY PLEADED A CAUSE OF ACTION FOR UNJUST ENRICHMENT AND DECLARATORY JUDGMENT FOR SUBORDINATION

It has been well established that

Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2) [emphasis added]. By requiring this "showing," Rule 8(a)(2) requires that the pleading contain a short and plain statement that "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." The main purpose of this rule is to "facilitate a proper decision on the merits." A complaint that fails to comply with this rule "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [plaintiff's] claims."

The Supreme Court has long characterized this pleading requirement under Rule 8(a)(2) as "simplified" and "liberal," and has repeatedly rejected judicially established pleading requirements that exceed this liberal requirement. However, it is well established that even this liberal notice pleading standard "has its limits." As a result, several Supreme Court and Second Circuit decisions exist, holding that a pleading has failed to meet this liberal notice pleading standard.
*Chernish v. Massachusetts Mut. Life Ins. Co.*, 2009 WL 385418, 2 (N.D.N.Y. 2009) citing to *Dura Pharm., Inc. v. Broudo,* 544 U.S. 336, 125 S.Ct. 1627, 1634, 161 L.Ed.2d 577 (2005); *Swierkiewicz,* 534 U.S. at 512; *Leathernman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988); *Gonzales v. Wing,* 167 F.R.D. 352, 355 (N.D.N.Y.1996); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964–1974, 167 L.Ed.2d 929 (2007).

**Unjust Enrichment**

The Courts have held "An unjust enrichment claim is rooted in "the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another." *Campione v. Campione*, 942 F.Supp.2d 279, 284 (E.D.N.Y. 2013) citing to *Miller v. Schloss*, 218 N.Y. 400, 407, 113 N.E. 337 (1916). The Court in *Campione* further held that the elements of unjust enrichment are "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Id.* citing to *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182, 919 N.Y.S.2d 465, 944 N.E.2d 1104 (2011).

In the within action, Plaintiff's cause of action has properly pleaded all of the aforementioned elements. Defendants original loan to the Debtors was in the amount of $356,000.00 by a note dated March 22, 2006. See **Exhibit A** attached to Defendants' motion. By a loan modification agreement dated July 21, 2016, Defendants modified the UPB amount of the loan to $425,182.64. See **Exhibit C** attached to Defendants' motion. This increased the UPB by $75,182.64. This was done without the knowledge nor consent of Plaintiff. The modification simply states the new UPB is made of "unpaid amount(s) loan to Borrower by Lender plus any interest and *other* amounts capitalized." (*emphasis added*). The loan modification does not specify what the "other amounts" consist of.

By increasing the amounts owed on the loan, Defendants have removed any equity that was available in the property. By doing so, Plaintiff was aggrieved as its loan became at risk. Plaintiff was enriched by adding "other amounts" to the loan at Plaintiff's expense. Defendants repeatedly claim in their papers that the modification saved Plaintiff's loan since had Defendants not modified Debtors' loan, Defendants would have foreclosed and wiped Plaintiff's lien. Such

claims are baseless, because had Defendants truly helped Plaintiff, Plaintiff's motion would not be the subject of a Pond Motion that was filed by Debtors on June 13, 2018. See **Exhibit G** attached to Defendants' motion. Defendants' actions have left Plaintiff's lien vulnerable and possibly completely unsecured by raising the amounts of the loan.

Defendants further argue that it has not received any benefit from raising the amounts due especially not in equity considering the Debtors' evaluation of the property is at $350,000, which is less than the original loan amount. However, said argument is misplaced. The proper argument should consider what the property value was at the time Defendants modified the loan and increased the amounts due. The possibility that the property may have dropped in value at a later date does not mean that Defendants were unjustly enriched at the time the modification was made. Furthermore, Plaintiff has not had an opportunity to conduct an inspection of the subject property and to submit its own appraisal. Plaintiff has put Defendants on notice of its claims and Defendants were clearly able to derive from the complaint exactly what Plaintiff's claims are; therefore, Defendants' motion to dismiss must be denied.

**Complete and Partial Subordination**

Under New York law, when a modification of a senior mortgage "substantially impairs the security interest of the junior lienors or effectively destroys their equity" without the consent of the junior mortgagee, the senior mortgage loses priority to the junior mortgage. *Fleet Bank of N.Y. v County of Monroe Indus. Dev. Agency*, 224 A.D.2d 964, 965, 637 N.Y.S.2d 870 (4th Dep't 1996) (citing *Shultis v. Woodstock Land Dev. Assocs.*, 188 AD2d 234, 236-237, 594 NYS 890 (3d Dep't 1993) and *Empire Trust Co. v Park-Lexington Corp.*, 243 AD 315, 321, 276 NYS 586 (1st Dep't 1934)); *see also In re Whi*te, 514 B.R. 365, 369-370 (E.D.N.Y. 2014) (internal citations omitted) (Senior lien holder will be divested of its priority and junior lien holder will be elevated to a position

of superiority when the modification of senior lien "prejudices the rights of the junior lien holder or impairs its security, and is made without the junior lien holder's consent.").

In the within action, the only papers provided by Defendants thus far is a copy of the note with a principal of $356,000.00 and the loan modification in the amount of $425,182.64. On its face all that can be deciphered is Plaintiff added over $75,000 to the amount owed by Debtor. Plaintiff now has a legitimate claim to priority over Defendants' lien. Defendants' actions have adversely affected Plaintiff's ability to recover any monies from its loan, because Defendants' actions drained all equity out of the property.

Defendants claiming that the "other" amount tacked on to the original loan amount in the loan modification are funds that would have been due to Defendants under the original loan. However, Plaintiff has not submitted any proof that this is the case. Defendants are only providing self-serving allegations, but have failed to submit any proof such as a payment history, or proof of payment of any funds allegedly made by Defendants on behalf of the loan that entitles Defendants to add the amounts owed under the original loan. As stated above, although Defendants believe that the modification saved Plaintiff's loan since it stopped Defendants from completing the foreclosure, such allegations are meritless. Plaintiff is now facing a Pond Motion that was filed by Debtors which may leave its lien unsecured.

**CONCLUSION**

Again, Plaintiff has properly pleaded its cause of actions and it has put Defendants on notice of exactly what Plaintiff's claims are. Defendants have not submitted any evidence, which shows beyond a doubt that the additional $75,128.64 added to the original loan are amounts that Defendants are entitled to. Defendants have not met their burden showing beyond a doubt that the

within complaint fails to state a cause of action upon which relief may be granted; therefore, Defendants' motion must be denied in its entirety.

Dated:  New York, New York
        August 22, 2018

                                        Respectfully submitted,

                                        By: Rafi Hasbani, Esq.